UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

————

MARTIN T. SOLOMON,

          Plaintiff,                    Case No. 2:10-cv-320

v.                                                Honorable Robert Holmes Bell

PATRICIA CARUSO et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hofbauer, Caruso, Edlund, Carol and Russell. The Court also will dismiss Plaintiff's conspiracy claim against all of the named Defendants. The Court will serve Plaintiff's remaining claims against Defendants Vanhartesvelt, Napel, Niemisto and Alto.

**Discussion**

    I.       Factual allegations

Plaintiff is incarcerated in the Chippewa Correctional Facility, but the events giving rise to his action occurred while he was incarcerated at the Marquette Branch Prison (MBP). In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, MDOC Step III Grievance Investigator (unknown) Russell, and the following MBP employees: Warden Robert Napel; Former Warden Gerald Hofbauer; Assistant Deputy Wardens Darlene Edlund and Cathy Alto; Chaplain Greg Vanhartesvelt; Grievance Coordinator Glen Carol; and Resident Unit Manager Ken Niemisto.

Plaintiff, a member of the Moorish Science Temple of America, claims that was denied group religious services on Fridays, the designated holy day for his religion. Instead, group services for the Moorish Science Temple of America were scheduled on Saturdays. Plaintiff alleges that other level V facilities where he has been incarcerated, including Baraga and Oaks, offered holy day services for the Moorish Science Temple of America on Fridays. When Plaintiff discussed the issue with Defendant Vanhartesvelt, Vanhartesvelt told him that the Moorish Science Temple of America would not receive Friday services. According to Plaintiff, Vanhartesvelt further stated that Christian services are held on Sunday "because they are not Muslims and requires [sic] priority." (Compl., Page ID #9.) Plaintiff further alleges that Defendant Napel told him that they did not care about the Moorish Science Temple of America, which is why they scheduled the services on the wrong day. When Plaintiff complained to Defendant Niemisto, he allegedly responded, "I am not trying to hear this bullshit about religion, so f*** you and your religious beliefs." (Compl., Page ID #10.)

Plaintiff filed a Step I grievance concerning the denial of holy day services on Fridays, which was rejected by Defendant Carol on the ground that it was non-grievable. The rejection was upheld at Steps II and III of the grievance process. At Step II, Defendant Hofbauer noted that Plaintiff was free to practice his religion in the privacy of his cell at any time. Defendant Russell responded at Step III that Plaintiff's grievance was properly addressed at Steps I and II. Plaintiff alleges that Defendants Hofbauer, Alto, Napel, Caruso, Russell, Niemisto, Vanhartesvelt and Edlund conspired with Defendant Carol to violate his constitutional rights by consenting the false rejection of his grievance.

Plaintiff asserts that Defendants' conduct violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment Free Exercise Clause, and the Fourteenth Amendment Equal Protection Clause. He further claims that Defendants conspired to violate his constitutional rights. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that all of the named Defendants engaged in a "conspiracy campaign" to discriminate against his religion. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged

conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Plaintiff's allegations of conspiracy are vague, conclusory and speculative. The fact that Defendants rejected Plaintiff's Step I grievance and upheld the rejection of his grievance at Steps II and III falls far short of establishing an agreement by Defendants to violate Plaintiff's federal rights to practice his religion. Therefore, the Court will dismiss his conspiracy claim as to all of the named Defendants.

Plaintiff fails to make specific factual allegations against Defendants Hofbauer, Caruso, Edlund, Carol and Russell, other than his claim that they rejected his grievance and grievance appeals. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based

upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Hofbauer, Caruso, Edlund, Carol and Russell engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to state a claim against Defendants Vanhartesvelt, Napel, Niemisto and Alto for violation of RLUIPA and his First and Fourteenth Amendment rights.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Hofbauer, Caruso, Edlund, Carol and Russell will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss Plaintiff's conspiracy claim against all of the named Defendants. The Court will serve Plaintiff's remaining claims against Defendants Vanhartesvelt, Napel, Niemisto and Alto.

An Order consistent with this Opinion will be entered.


Dated: <u>January 6, 2011</u>                    /s/ Robert Holmes Bell                
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE