UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTIN SOLOMON,

       Plaintiff,

v.                                    Case No. 2:10-cv-320
                                      HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Martin Solomon is incarcerated in the Oaks Correctional Facility, but the events giving rise to his action occurred while he was incarcerated at the Marquette Branch Prison (MBP). The remaining defendants in this case include Michigan Department of Corrections (MDOC) employees: Warden Robert Napel, Cathy Alto, Chaplain Greg Vanhartesvelt, and Resident Unit Manager Ken Niemisto. Defendants move for summary judgment.

Plaintiff, a member of the Moorish Science Temple of America, claims that he was denied group religious services on Fridays, the designated holy day for his religion. Instead, group services for the Moorish Science Temple of America were scheduled on Saturday mornings. Plaintiff alleges that other level V facilities where he has been incarcerated, including Baraga and Oaks, offered holy day services for the Moorish Science Temple of America on Fridays. When plaintiff discussed the issue with defendant Vanhartesvelt, Vanhartesvelt told him that the Moorish Science Temple of America would not receive Friday services. According to plaintiff, Vanhartesvelt further stated that Christian services are held on Sunday "because they are not Muslims and requires

[sic] priority." (Compl., Page ID #9.) Plaintiff further alleges that defendant Napel told him that they did not care about the Moorish Science Temple of America, which is why they scheduled the services on the wrong day. When plaintiff complained to defendant Niemisto, he allegedly responded, "I am not trying to hear this bullshit about religion, so f*** you and your religious beliefs." (Compl., Page ID #10.)

Plaintiff filed a Step I grievance concerning the denial of holy day services on Fridays, which was rejected on the ground that it was non-grievable. The rejection was upheld at Steps II and III of the grievance process. At Step II, defendant Hofbauer noted that plaintiff was free to practice his religion in the privacy of his cell at any time. Defendant Russell responded at Step III that plaintiff's grievance was properly addressed at Steps I and II.

Plaintiff asserts that defendants' conduct violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment Free Exercise Clause, and the Fourteenth Amendment Equal Protection Clause. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants, although recognizing that plaintiff exhausted each step of the grievance procedures and also recognizing that the grievance responses indicate that the issue that plaintiff presents in this case is not an issue that can be grieved in the MDOC process, nevertheless argue that plaintiff failed to exhaust his grievance remedies. Defendants argue that even though plaintiff has no grievance procedure available to him to exhaust this issue, the fact that he grieved the issue at every step and the step I rejection of the grievance was upheld on the basis that plaintiff failed to present an issue that could be grieved establishes that plaintiff failed to properly present this issue. This makes no sense. If plaintiff could not grieve the issue as stated in the Step I response, then there exists no available grievance remedy for plaintiff to pursue. If plaintiff could grieve the issue, then he presented the issue at each step of the process and plaintiff exhausted his available grievance

procedures.  Defendants, at best, present a frivolous argument and, at worst, present an argument that could warrant Rule 11 sanctions.[1]

Defendants Napel and Niemesto deny making any negative statements to plaintiff about his religion, but argue that, even if true, they had no involvement in scheduling religious worship services and lack personal involvement in the subject matter of plaintiff's complaint. Plaintiff asserts that he made complaints to defendants Napel and Niemesto and that they had authority to provide group religious services on Fridays.  Further, plaintiff asserts that defendants Napel's and Niemesto's discriminatory statements were motivating facts behind the invalid and erroneous grievance responses.  Defendant Alto argues that her only involvement was supervising the grievance response in this matter.

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

---

[1]On the other hand, if defendants are arguing that plaintiff should have presented this issue to the Warden's Forum and that a failure to present the issue requires dismissal of this action, then that may present another issue.  It does not appear that defendants make that argument and certainly defendants have failed in their burden to support such an argument.  This court has no way to determine what other action plaintiff may or may not have taken.

Neither defendant Napel nor defendant Niemesto provide any factual support for their argument that they were not involved in denying plaintiff group worship on Friday or that they lack authority to schedule group worship services. Further, defendant Alto has completely failed in her burden of supporting her argument in the motion for summary judgment. In the opinion of the undersigned defendants Napel, Niemesto and Alto fail in their burden to support their motion for summary judgment.

Plaintiff claims that the failure to provide group worship services on Friday violates his right to practice his religion under the First Amendment, discriminates against him under the Fourteenth Amendment, and violates his right to substantially practice his religion under the RLUIPA. Plaintiff is offered group worship services on Saturday. Plaintiff complains that group services should be on Friday, the recognized holy day for Moorish Science Temple of America.

Plaintiff first contends that defendants have violated his First Amendment right to freely practice his religion. Prisoners do not lose their right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972). Freedom of religion being a fundamental right, any regulation which infringes upon it must generally be justified by a "compelling state interest." *See*, *for example*, *Wisconsin v. Yoder*, 406 U.S. 205 (1972). However, as a prisoner, plaintiff's constitutional rights are subject to severe restriction. *See*, *for example*, *Bell v. Wolfish*, 441 U.S. 520 (1979) (restriction on receipt of reading materials); *Hudson v. Palmer*, 468 U.S. 517 (1984) (privacy); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (right to call witnesses); *Richardson v. Ramirez*, 418 U.S. 24 (1974) (vote). *See*, *generally*, *Washington v. Harper*, 494 U.S. 210 (1990); *Turner v. Safley*, 482 U.S. 78 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987).

Rather, the standard by which prison regulations impinging on prisoner constitutional rights is judged is "reasonableness." *Turner*, 482 U.S. at 88-95; *Washington*, 494 U.S. at 223-25. In *Turner*, the Supreme Court expressly rejected any degree of "heightened scrutiny" in order to assure that "prison administrators . . . and not the courts . . . make the difficult judgments concerning institutional operations." *Turner*, 482 U.S. at 89, *quoting Jones v. North Carolina Prisoners' Union*, 433 U.S. 119 (1977).

In *Turner*, the court set forth four factors "relevant in determining the reasonableness of the regulation at issue." 482 U.S. at 89-91.  First, there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it.  *Id.* at 89, *quoting Block v. Rutherford*, 468 U.S. 576, 586 (1984).  Second, the reasonableness of a restriction takes into account whether there are "alternative means of exercising the right that remain open to the prison inmate." *Turner*, 482 U.S. at 90.  Third, the court should consider the "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." *Turner*, 482 U.S. at 90.  Finally, the existence or absence of ready alternatives of accommodating the prisoner's rights is relevant to reasonableness. *Turner*, 482 U.S. at 90.  As stated by the court, this final factor "is not a 'least restrictive alternative' test." *Id.* at 90.  "Prison officials need not show that *no* reasonable method exists by which [prisoners'] rights can be accommodated without creating bona fide [prison] problems." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350 (1987).

Defendants have attached the affidavit of MBP interim Chaplain Thomas Prisk who explains group worship service scheduling at MBP and specifically why Level V prisoners who follow Moorish Science Temple of America religious practice, like plaintiff, have group worship

- 6 -

services on Saturday morning.  A number of factors are considered when scheduling group religious services including facility schedule, prisoner work schedules, law library schedules, other activities and other group schedules that may not be related to religion.  MBP houses Level I and Level V prisoners with Level V being the highest level of security designated by the MDOC.  Level I and Level V prisoners have separate religious services.   Level I prisoners have a Moorish Science Temple of America service on Friday.  Level V prisoners have their service on Saturday morning.  Friday is a busy day at MBP which includes other group worship services and other activities for prisoners.  There simply is not enough staff to monitor all services that prisoners request on Friday.  Moreover, it is the goal of MBP to provide all religious services on Saturday and Sunday, but that is currently not possible due to staffing and the number of group services that are provided at the facility.  Some group services are volunteer lead and the scheduling of those services have to be dictated by the availability of the volunteers.

In the opinion of the undersigned, there exists a valid rational connection between the scheduling of group religious services and institutional security and availability of scheduling at MBP.  Plaintiff has an alternative means of practicing his religious beliefs on Friday and the Saturday group worship service is a reasonable accommodation to plaintiff's religious needs.  MBP already has a full service religious schedule and does its best to accommodate the religious needs of prisoners.  In the opinion of the undersigned, plaintiff has failed to show that his First Amendment rights were violated by defendants in providing group worship religious services on Saturday as opposed to Friday.

Further, in the opinion of the undersigned, plaintiff has failed to show a violation of RLUIPA.  Plaintiff contends that he is not bringing this action under 42 U.S.C. § 1983, but is

bringing it pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §

2000cc-1.  Therefore, plaintiff asserts that the Magistrate Judge erred in finding that his claims

against defendant MDOC were barred by the Eleventh Amendment.  Section 2000cc-1 states:

    (a)    General Rule

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> > (1)    is in furtherance of a compelling governmental interest; and
> >
> > (2)    is the least restrictive means of furthering that compelling governmental interest.

This rule applies solely in cases where the "substantial burden is imposed in a

program or activity that receives Federal financial assistance," or where the burden affects

"commerce with foreign nations, among the several States, or with Indian tribes."  42 U.S.C. §

2000cc-1(b).  In the opinion of the undersigned, plaintiff has not shown that his religious practice

is substantially burdened by having group worship services on Saturday instead of Friday.

Finally, plaintiff claims that he is being discriminated against because Christian

religions have group worship services on appropriate holy days and Muslims do not.  This is simply

untrue.  Level I prisoners at MBP have Moorish Science Temple of America group worship service

on Friday.  Catholic services are held on Saturday and not Sunday at MBP, and Jum'ah Prayer, a

traditional Muslim prayer is held on the traditional day of Friday for Level V prisoners.  Plaintiff

simply cannot show that he was being discriminated against in favor of Christians at MBP.  It is clear

that scheduling and availability is the sole reason that certain services are at certain times at MBP.

- 8 -

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to defendants' motion for summary judgment. Accordingly, it is recommended that defendants' motions for summary judgment (Docket #10, #19 and #28) be granted and that this case be dismissed in its entirety.[2]

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

---

[2]To the extent that Defendants assert that they are entitled to summary judgment on Plaintiff's official capacity claims, such claims do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees.

Similarly, a damage claim under the RLUIPA is not available. Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA.").

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 17, 2012